**Brenda Mae SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 126 CR.**

Court of Appeals of Texas, Beaumont.

March 28, 1984.

William Harper, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

This is an appeal from two separate convictions for a third degree felony.

In Cause No. 41608, in the 252nd District Court of Jefferson County, appellant was convicted of the offense of felony theft. The indictment alleged, in each count of the three count indictment, the theft of a Public Assistance Treasury Warrant (the number of each warrant being given), each warrant being valued "at least Twenty and No/100 ($20.00) dollars but less than Two Hundred and No/100 ($200.00) dollars." The indictment alleged the three misdemeanor theft offenses as being in one scheme and continuing course of conduct and the amount obtained thereby were aggregated under TEX.PENAL CODE ANN. § 31.09 (Vernon 1974) to create one third degree felony.

In Cause No. 41894, in the same court as the above cited Cause No. 41608, appellant was convicted of the offense of felony theft. The indictment alleged, in each count of the two count indictment, the theft of "one (1) Authorization to Participate Food Stamps [giving the Card Number in each count]." This indictment contained similar allegations, as contained in the in-

dictment in Cause No. 41608, so as to aggregate the amounts so as to create one third degree felony, under TEX.PENAL CODE ANN. § 31.09 (Vernon 1974).

Appellant entered a plea of guilty to each indictment and executed a judicial confession. The trial court assessed punishment at confinement for a period of three years in each case, the two three year terms to run concurrently.

The two indictments charge appellant with the offense of theft under the general theft statute, TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1984). Appellant contends the convictions are void for the reason that the indictments should have charged the offenses under TEX.HUM. RES.CODE ANN. § 33.011 (Vernon 1980).

The contention now urged by appellant has been rejected by our Court of Criminal Appeals in *Ex Parte Mangrum*, 564 S.W.2d 751 (Tex.Cr.App.1978). See also Op.Tex. Atty.Gen. No. MW–582 (1982). The offenses charged by the indictments in the case at bar are properly chargeable under the offense of theft as set out in TEX.PE-NAL CODE ANN. § 31.03 (Vernon Supp. 1984).

The judgment in each case is affirmed.